UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL R.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:18-CV-05493-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she did not apply *res judicata* to the findings of a prior ALJ's decision. Had the ALJ properly considered the prior findings, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff has filed two applications for DIB that are relevant to this case. Plaintiff filed his first application on June 20, 2011, alleging disability as of March 1, 2009. *See* Dkt. 9,

Administrative Record ("AR") 131. The application was denied upon initial administrative review and on reconsideration. *See* AR 131. A hearing was held before ALJ Cheri Filion on November 19, 2012. AR 89-127. In a decision dated January 14, 2013, ALJ Filion determined Plaintiff to be not disabled. AR 131-48. Plaintiff's request for review of ALJ Filion's decision was denied by the Appeals Council, making ALJ Filion's decision the final decision of the Commissioner. *See* AR 14; 20 C.F.R. § 404.981, § 416.1481. Plaintiff did not appeal to the District Court. AR 14.

On March 17, 2014, Plaintiff filed a second application for DIB, alleging disability as of February 4, 2013. AR 14. The application was denied upon initial administrative review and on reconsideration. *See* AR 14. A hearing was held before ALJ Mary Gallagher Dilley on February 9, 2017. AR 44-88. In a decision dated May 19, 2017, ALJ Dilley determined Plaintiff to be not disabled. AR 14-34. Plaintiff's request for review of ALJ Dilley's decision was denied by the Appeals Council, making ALJ Dilley's decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481. Plaintiff now seeks review from the Court of the ALJ's May 19, 2017 decision.[1]

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to give proper deference to the prior ALJ's findings; (2) improperly determining the severity of Plaintiff's impairments; and (3) improperly conducting the materiality analysis for drug addiction and alcoholism ("DAA"). Dkt. 11, pp. 2-19. Plaintiff requests the Court remand this case for an award of benefits. *Id.* at 2.

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referencing ALJ Dilley and her May 19, 2017 decision. When stating "the prior ALJ" or "the prior ALJ's decision" throughout this Order, the Court is referencing ALJ Filion and her January 14, 2013 decision.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.  Whether the ALJ erred in failing to give proper deference to the prior ALJ's decision.**

Plaintiff argues the ALJ did not give proper deference to the prior ALJ's findings of severe impairments.

A final decision by an ALJ that a claimant is not disabled gives rise to a presumption of continuing nondisability. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988); *see also* Social Security Acquiescence Ruling ("SSAR") 97-4(9) (S.S.A. Dec. 3, 1997) (explaining how the Social Security Administration will apply *Chavez* in the Ninth Circuit). To rebut this presumption, a claimant must prove a "changed circumstance affecting the issue of disability during the unadjudicated period, such as a change in the claimant's age category, an increase in the severity of the claimant's impairments, the existence of an impairment not previously considered, or a change in the criteria for determining disability." *Guillory v. Astrue*, No. C10-5520-RSM-JPD, 2011 WL 1771043, at *4 (W.D. Wash. Mar. 21, 2011), *report and recommendation adopted,* No. C10-5520-RSM, 2011 WL 1753803 (W.D. Wash. May 6, 2011); *see also* SSAR 97-4(9).

Even where a claimant has rebutted the presumption, *res judicata* requires that findings about a claimant's RFC, education, or work experience, or other finding required at a step in the sequential evaluation process, must be adopted "unless there is new and material evidence

related to those findings or a relevant change in law or methodology." *Harrington v. Berryhill*, No. C17-5846-MAT, 2018 WL 4103661, at *4 (W.D. Wash. Aug. 29, 2018); *see also* SSAR 97-4(9). One of the findings required at a step in the sequential evaluation process is whether the claimaint has severe limitations. 20 C.F.R. § 404.1520(c). Thus, the ALJ must apply *res judicata* to a prior ALJ's findings that the claimant has severe impairments. *See* Hearings, Appeals, and Litigation Law Manual ("HALLEX") I-5-4-60 (Dec. 28, 1998).[2]

In the first decision, ALJ Filion found Plaintiff had the following severe impairments: methicillin-resistant staphylococcus aureus ("MRSA"), hepatitis C, obesity, degenerative disc disease, anxiety disorder, depressive disorder, and drug and alcohol abuse. AR 134. ALJ Filion found Plaintiff could perform "less than the full range of medium work." AR 136. As a result, ALJ Filion concluded Plaintiff was not disabled. AR 148.

In the second decision, ALJ Dilley noted the prior ALJ's decision created a presumption of continuing nondisability. AR 14. The ALJ determined Plaintiff had rebutted this presumption because he had attained a higher age category since the first decision. AR 14. The ALJ then found Plaintiff had the following severe impairments: depressive disorder, with reported psychotic features; generalized anxiety disorder; and polysubstance abuse. AR 18. The ALJ thus made different findings regarding Plaintiff's MRSA, hepatitis C, obesity, and degenerative disc disease. Accordingly, the ALJ was required to explain the "new and material evidence" that led her to reject the prior ALJ's findings regarding Plaintiff's severe impairments. *See Harrington*, 2018 WL 4103661, at *4; *see also* SSAR 97-4(9).

---

[2] HALLEX "is strictly an internal Agency manual, with no binding legal effect on the Administration or [the] court." *Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008) (citing *Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000)). As an agency manual, it is nonetheless "'entitled to respect' under *Skidmore v. Swift & Co.*, [323 U.S. 134] (1944), to the extent that it has the 'power to persuade.'" *Clark*, 529 F.3d at 1216 (citing *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000)).

The ALJ determined Plaintiff's hepatitis C, obesity, and "back problems" were non-severe because of a lack of documented complaints about them since Plaintiff's alleged onset date. AR 19-20. However, the ALJ did not specifically address the prior ALJ's finding that Plaintiff's MRSA was a severe impairment. The ALJ stated only that "[t]here is no evidence of any physical limitations since the alleged onset date of February 2013." AR 30. The ALJ did not address any new and material evidence regarding Plaintiff's MRSA, and she did not connect this conclusory statement to any evidence from the first decision regarding Plaintiff's MRSA. Thus, the ALJ erred in not applying *res judicata* to the prior ALJ's finding that Plaintiff's MRSA was a severe impairment.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ applied *res judicata* to the prior ALJ's findings regarding severe impairments, the RFC may have included additional limitations. For example, in the first

hearing, Plaintiff testified he has MRSA outbreaks four to five times a year, which causes him severe pain. AR 99. Plaintiff also testified he missed five days to two weeks per month because of his MRSA outbreaks. AR 100. The vocational expert testified at the hearing that employers would not tolerate more than one day per month of unscheduled absenteeism. AR 85. Thus, if the ALJ had given weight to Plaintiff's reports about his severe impairments, the RFC may have included additional limitations regarding Plaintiff's absenteeism, which may have altered the conclusion of non-disability. Accordingly, the ALJ's error was not harmless.

**II. Whether the ALJ improperly evaluated the severity of Plaintiff's impairments.**

Plaintiff argues the ALJ improperly determined Plaintiff's other impairments, such as ADHD, were non-severe. Dkt. 11, pp. 10-11. The Court finds the ALJ committed harmful error in not applying *res judicata* to the prior ALJ's findings. *See* Section I, *supra*. Because the ALJ on remand must re-evaluate the prior ALJ's findings regarding severe impairments, the Court also directs the ALJ to re-evaluate the severity of Plaintiff's other impairments.

**III. Whether the ALJ improperly conducted the DAA materiality analysis.**

Plaintiff argues the ALJ erred when she found his impairments were not disabling in the absence of DAA. Dkt. 11, pp. 12-18. The Court finds the ALJ committed harmful error in not applying *res judicata* to the prior ALJ's findings. *See* Section I, *supra*. Because the ALJ on remand must re-evaluate Plaintiff's severe impairments, the Court also directs the ALJ to re-assess the DAA materiality analysis in light of possible new findings regarding Plaintiff's impairments and how they interact with Plaintiff's addiction issues.

**IV. Whether this case should be remanded for an award of benefits.**

Lastly, Plaintiff requests the Court remand this case for an award of benefits. Dkt. 14, p. 18.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has directed the ALJ to re-evaluate the prior ALJ's findings of severe impairments. *See* Section I, *supra*. Because outstanding issues remain regarding the severity of Plaintiff's impairments, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 19th day of December, 2018.

David W. Christel
United States Magistrate Judge