UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL REYNOLDS,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:18-CV-5493-DWC

ORDER ON 406(B) ATTORNEY FEE AWARD

Presently before the Court is Plaintiff's Motion for Authorization of Attorney Fees Pursuant 42 U.S.C. §406(b). Dkt. 27.[1] After consideration of the relevant record, the Motion (Dkt. 27) is granted.

**I.   Background**

Plaintiff's counsel, D. James Tree, is requesting a $36,122.29 attorney fee award from Plaintiff's past due benefits for 11.9 hours of attorney work, 19.5 hours of law clerk work, and

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

21.7 hours of paralegal work. *See* Dkts. 27, 27-3. The Commissioner has filed a Response to the Motion requesting the Court lower the fee award because it will result in an excessive windfall. Dkt. 32. The Commissioner also asserts the Motion is untimely and, thus, the Court should not award fees. *Id*. Plaintiff filed a Reply to the Commissioner's Response on July 8, 2022. Dkt. 33.

**II.    Discussion**

    A.    Reasonableness of the Fee Award

    Under 42 U.S.C. § 406(b), the Court may allow a reasonable fee for an attorney who represented a Social Security claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25% of the total past-due benefits. *See Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See id*. at 807, 808. Although the fee agreement is the primary means for determining the fee, the Court may reduce the fee for substandard representation, delay by the attorney, or because a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Grisbrecht*, 535 U.S. at 808).

    As stated above, Mr. Tree is requesting a $36,122.29 attorney fee award, which is less than 25% of Plaintiff's past due benefits, for 11.9 hours of attorney work, 19.5 hours of law clerk work, and 21.7 hours of paralegal work. *See* Dkts. 27, 27-3. Plaintiff signed a contingency fee agreement agreeing to pay his attorney a fee equal to 25% of the amount awarded for past-due benefits. *See* Dkt. 27-2. The representation was not substandard and the results achieved were favorable to Plaintiff. *See* Dkts. 19, 27-1; *Grisbrecht*, 535 U.S. at 808. This Court remanded this matter to the Administration for further proceedings and, following remand, Plaintiff was

1    awarded benefits. *See* Dkts. 19, 27-1. There is also no evidence of an excessive delay by the

2    attorney.

3           Thus, the only issue before the Court is whether the requested contingency fee results in

4    an excessive windfall to Mr. Tree. Mr. Tree argues the fee award is not a windfall due to the

5    substantial risk of non-payment Social Security attorneys face. *See* Dkt. 33 at 3. All risk was

6    placed on the law firm and the firm represented Plaintiff for more than four years before the

7    Notice of Award was issued by the Administration. *Id.* He also contends he is an experienced

8    attorney with more than 35 years of experience and states his market rate in 2018 would have

9    been $675 per hour under the Fitzpatrick Matrix. *Id.* at 4.[2]

10          Mr. Tree states he expended 11.9 hours, his law clerk expended 19.5 hours, and his

11   paralegal expended 21.7 hours, for a total of 53.1 hours, on this case. Dkts. 27, 27-3. The

12   Commissioner argues the fee award is a windfall because the majority of the work in this case

13   was completed by a law clerk or paralegal. Dkt. 32. Of the 53.1 hours spent on this case, only

14   11.9, or approximately 22.5%, were attorney work hours. Overall, the Court agrees, most of the

15   work in this case was completed by a law clerk or paralegal. *See* Dkt. 27-3.

16          The Court has considered the record and finds that Plaintiff's law firm expended 53.1

17   hours on this case, which resulted in a favorable decision for Plaintiff. Based on the fee

18   requested, the request results in an effective hourly rate of $680.27 ($36,122.29 divided by 53.1

19   hours). The Court finds this rate is not excessive. Additionally, considering the effective rate of

20   both attorney and paralegal hours in cases involving social security contingency fee

21

22          [2] The Fitzpatrick Matrix appears to be a grid showing hourly rates for legal fees for complex federal
23   litigation in the District of Columbia. *See* Dkt. 33. The grid shows that the hourly rate in a complex federal litigation
     case for an attorney with 35+ years of experience in 2018 was $675. Plaintiff's counsel has not shown the
     Fitzpatrick Matrix is applicable to social security cases or relevant to this Court's determination. *See id.* Mr. Tree
24   does not cite to evidence, such as a declaration, stating his hourly rates. *See* Dkts. 27, 33.

1  arrangements is consistent other courts. *See Crawford v. Astrue*, 586 F.3d 1142, 1153 (9th Cir.

2  2009) (J. Clifton, concurring in part and dissenting in part) (noting the majority ordered

3  payments that translate into hourly rates, for the time of both attorneys and paralegals, of $519,

4  $875, and $902); *Biggerstaff v. Saul*, 840 F. App'x 69, 71 (9th Cir. 2020) (affirming fees

5  amounting to $1,400.00 per hour for combined attorney and paralegal work) *Eredia v. Berryhill*,

6  2017 WL 11635480, at *6 (C.D. Cal. July 7, 2017) (finding that a reasonable fee for counsel's

7  work was $1,200 per hour for combined paralegal and counsel time); *Palos v. Colvin*, 2016 WL

8  5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for

9  9.7 hours of attorney and paralegal work); *Rickel v. Astrue*, 2009 WL 1774305, at *2 (C.D. Cal.

10  June 23, 2009) (finding the *de facto* combined rate for attorney and paralegal hours of $445.34

11  reasonable in 2009).

12          In sum, the Court, having reviewed the fee agreement and the itemized billing statement,

13  finds the requested award is reasonable.[3]

14          B.  Timeliness of Motion

15          The Commissioner also argues Plaintiff's Motion is untimely and, therefore, should be

16  reduced or denied. Dkt. 32.[4] Section 406 does not set a time by which fee requests must be made,

17

18          [3] Plaintiff requests the Court consider the § 406(a) fee award as one factor in determining the reasonableness of the § 406(b) award. *See* Dkts. 27, 33. The Commissioner argues § 406(a) fees are irrelevant to this
19  Court's determination. Dkt. 32 at 5-6. "The Court agrees with the Commissioner that Section 406(a) fees are irrelevant to this motion and not in the discretion of this Court." *John R. v. Comm'r of Soc. Sec.*, 2021 WL 6206981,
20  at *2 (E.D. Wash. Apr. 1, 2021). However, some courts have considered the § 406(a) fee in assessing whether a §406(b) award should be reduced. *See Edwards v. Berryhill*, 2017 WL 3913209, at *3 (C.D. Cal. Sept. 6, 2017)
21  (declining a downward adjustment based on delay at the administrative level where counsel was not seeking a fee award beyond 25-percent of past-due benefits and agreed to refund the $6,000 §406(a) fee award). Regardless, the
22  Court finds consideration of § 406(a) fees not necessary in this case.
          [4] The Court notes the Commissioner "has no direct financial stake in the answer to the § 406(b) question;
23  instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 525 U.S. 789, 798 n.6 (2002). Therefore, the Commissioner may, in fact, lack the standing as a trustee for
24  asserting technical, procedural objections such as timeliness that a claimant chooses not to raise — "objections essentially unrelated to the fairness of the distribution." *Herrera v. Berryhill*, 2019 WL 157724, at *3 (C.D. Cal. Jan. 9, 2019).

1  and the Ninth Circuit has not addressed the issue. The undersigned, like several Judges in this

2  Court, adopts a "reasonable time" standard. *See Hicks v. Commissioner of Social Security*, Case

3  No. 3:18-CV-5962-BAT (W.D. Wash. March 9, 2022); *Gerde v. Commissioner of Social*

4  *Security*, Case No. 3:14-CV-5679-MAT (W.D. Wash. Feb. 25. 2022); *Sizelove v. Astrue*, 2012

5  WL 3672393 (N.D. Cal. Aug. 24, 2012) (finding almost two-year delay "reasonable" where

6  counsel explained that the delay was due to the departure of the calendaring staff from his firm

7  and the subsequent loss of the documents related to the claimant's case).

8        Here, the Notice of Award is dated August 18, 2020 and Plaintiff's counsel did not file

9  the Motion until June 20, 2022 – nearly two years after the Notice of Award was issued. *See*

10  Dkts. 27, 27-1. Plaintiff's counsel provided a declaration stating the Motion was delayed due the

11  Covid-19 pandemic and illnesses in his office. Dkt. 28, Tree Dec. Plaintiff's counsel delayed

12  filing fee petitions in an effort to ensure client needs and deadlines were met. *Id*. The Court finds

13  Plaintiff's counsel has provided substantial justification for the delay in filing the Motion.

14        The Court further finds Plaintiff is not likely to be prejudiced by the delay. Plaintiff

15  signed a retainer agreement, which provided him with notice that fees would be charged. Dkt.

16  19-2. Plaintiff has submitted a declaration stating he agrees with the Motion. Dkt. 34, Reynolds

17  Dec. Moreover, the Motion is Plaintiff's second motion for attorney fees in this case and

18  Plaintiff's counsel was previously awarded attorney fees in this matter. Dkts. 21, 26. Therefore,

19  the record indicates Plaintiff was reasonably aware of the award of attorney fees and will not be

20  prejudiced by the delay.

21        For these reasons, the Court finds that the delay in bringing the Motion was substantially

22  justified and will not prejudice Plaintiff's interests. Accordingly, the Court declines to deny the

23  Motion based on timeliness.

24

1    **III.    Conclusion**

2        For the above stated reasons, Plaintiff's Motion (Dkt. 27) is granted. Plaintiff is awarded

3 attorney's fees in the total amount of $36,122.29. Previously, Plaintiff was awarded attorney's

4 fees of $4,544.04 under the Equal Access to Justice Act ("EAJA"). Dkt. 26. Therefore, after

5 review of the relevant record, the Court orders attorney's fees in the amount of $31,578.25 (the

6 fee award less the EAJA award), minus any applicable processing fees as allowed by statute, be

7 awarded to Mr. Tree pursuant to 42 U.S.C. § 406(b).

8        Any past-due benefits withheld by the Commissioner in excess of $31,578.25 may be

9 released to Plaintiff. Further, if any funds are released to Plaintiff, Plaintiff's counsel is directed

10 to pay Plaintiff 5% interest on any refunded amounts for a period of time from October 17, 2020,

11 60 days after the Notice of Award, until June 20, 2022, the date the Motion was filed. *See* Dkt.

12 33 at 6-7 (Plaintiff's counsel agreeing to pay 5% interest on refunded amounts).

13      Dated this 30th day of August, 2022.

14

15                                   David W. Christel

16                                   United States Magistrate Judge

17

18

19

20

21

22

23

24